UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PARKER,

              Petitioner,                       Case Number 2:20-cv-13439

v.                                             Honorable Linda V. Parker

NOAH NAGY and
HEIDI WASHINGTON,

              Respondents.

_____/

**OPINION AND ORDER DENYING AS MOOT PETITIONER'S
MOTION FOR AN ENLARGMENT OF TIME (ECF No. 14)
AND GRANTING IN PART PETITIONER'S MOTION
TO DEFER AND FOR DISCOVERY (ECF No. 15)**

## I.  Background

Petitioner Michael Parker, a state prisoner in the custody of the Michigan

Department of Corrections ("MDOC"), filed a pro se petition for the writ of habeas

corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  In his petition, Petitioner contends

that due to his communal living conditions, his age, and his poor health,[1] he is at a

substantial risk of being infected with the coronavirus known as COVID-19 and

then becoming ill or dying.  (ECF No. 1 at Pg ID 44-46.)  He also claims that his

continued incarceration violates his rights under the Due Process Clause of the

_____

[1] Petitioner suffers from stage four colon cancer and hypertension, among
other things.  (ECF No. 1 at Pg ID 45; *see also* ECF No. 12 at Pg ID 150, 225.)

Fourteenth Amendment to the United States Constitution. (*Id*. at Pg ID 51.) In both his habeas petition (ECF No. 1) and a motion for a temporary restraining order (TRO) or preliminary injunction (ECF No. 3), filed on the same day, Petitioner seeks release from prison on his own recognizance until the COVID-19 pandemic is resolved. (ECF No. 1 at Pg ID 44-45; ECF No. 3 at Pg ID 33.)

The Court denied Petitioner's request for a TRO and ordered the Clerk of Court to serve Petitioner's motion and habeas corpus petition on Respondents. (ECF No. 4 at Pg ID 73.) The Court ordered Respondents to file a response to Petitioner's request for a preliminary injunction. (*Id*.) Respondents subsequently filed Petitioner's medical records (ECF No. 12) and a response to Petitioner's request for injunctive relief (ECF No. 7). Now before the Court are Petitioner's motion for an enlargement of time (ECF No. 14) and his motion to defer the Court's decision on his request for a preliminary injunction until he can obtain discovery (ECF No. 15).

## II. Analysis

### A. The Motion for Enlargement of Time

Petitioner filed his Motion for Enlargement of Time on March 30, 2021. He sought an enlargement of time in which to respond to Respondents' answer to his request for injunctive relief and Respondents' future answer to his habeas petition. (ECF No. 14 at Pg ID 726, 728.) The reasons Petitioner gave for needing

2

additional time are:  (1) he has limited access to a prison law library for conducting legal research, and (2) he wants to obtain a medical professional's recent request to have the Michigan Parole Board release him early on parole.  (*Id*. at Pg ID 726-728.)

On April 13, 2021, Petitioner filed his reply to Respondents' answer to his motion for a preliminary injunction (ECF No. 16), to which he attached his medical practitioner's Parole Board Medical Status Report (*id*. at Pg ID 759).  The Court concludes from these items that Petitioner no longer needs an enlargement of time to file his reply to Respondents' answer to his motion for injunctive relief. Accordingly, the Court will deny as moot Petitioner's Motion for Enlargement of Time (ECF No. 14).  The Court will give Petitioner time to file a reply to Respondents' answer to the habeas petition if, at some future time, the Court orders Respondents to file an answer.

## B.  The Motion to Defer

In his motion to defer, Petitioner asks the Court "to defer Respondents' response in opposition to [his] emergency motion for a preliminary injunction and brief in support."  (ECF No. 15 at Pg ID 731.)  The Court understands Petitioner to be saying that he wants the Court to defer a decision on his request for injunctive relief.  Petitioner claims he did not receive the medical records and the Parole Board Medical Status Report dated December 10, 2020, which Respondents

3

attached to their answer to his request for injunctive relief.  (*Id.* at Pg ID 732.)

Petitioner wants the Court to defer deciding the motion until he obtains the

discovery materials or until Respondents provide him with the documents that they

filed with their answer to his request for injunctive relief.  (*Id.* at Pg ID 733-734.)

The Supreme Court has said that, "[a] habeas petitioner, unlike the usual

civil litigant in federal court, is not entitled to discovery as a matter of ordinary

course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  However, "where specific

allegations before the court show reason to believe that the petitioner may, if the

facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is

the duty of the court to provide the necessary facilities and procedures for an

adequate inquiry." *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300

(1969)).  Although "the scope and extent of such discovery is a matter confided to

the discretion of the District Court," *id.* at 909, it would be an abuse of discretion

not to permit any discovery if a petitioner can establish "good cause" for discovery

under Habeas Corpus Rule 6(a), *see id.*

Respondents concede that Petitioner's medical records are important

because his motion for a preliminary injunction rests on his health status.  (ECF

No. 8 at Pg ID 132.)  Furthermore, at Respondents' request (*see* ECF No. 8), the

Court filed Petitioner's medical records under seal to retain their confidentiality

(ECF No. 9).

Petitioner cannot challenge the records or use them to his advantage unless he has access to them, and he claims that the records he has acquired – for the period August 2020 through December 31, 2020 – are not the equivalent of what Respondents filed.  (ECF No. 15 at Pg ID 735.)  He also claims that MDOC has withheld from him the records it sent to Respondents' counsel.  (*Id*. at Pg ID 735-736.)

Petitioner shows "good cause" for discovery.  Accordingly, the Court will order Respondents to send Petitioner a copy of the records they submitted to the Court for filing under seal.  The Court will delay a decision on Petitioner's request for a preliminary injunction until he has an opportunity to review the discovery materials and submit a supplemental reply to Respondents' answer to his motion for injunctive relief.

Petitioner also asks for the "web cites" mentioned in Respondents' brief.  (*Id*. at Pg ID 737.)  He seems to be referring to: (i) the MDOC's profile of him on its Offender Tracking Information System; (ii) Michigan Governor Gretchen Whitmer's Executive Order 2020-29; (iii) coronavirus information provided by the MDOC on its official website; and (iv) Respondent Washington's Director's Office Memorandum 2020-30R8.  (*See* ECF No. 7 at Pg ID 118, 121-123.)  The Court, however, is not relying on Executive Order 2020-29, which is no longer in effect, and Petitioner should be able to obtain the other information directly from

5

the MDOC or thorough his legal research.  Therefore, the Court will deny his

request for discovery of those items.

### III.  Conclusion and Order

Petitioner is no longer in need of an enlargement of time, but he is entitled to

some discovery.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Enlargement of Time (ECF

No. 14) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Defer (ECF No.

15) is **GRANTED IN PART**.  Respondents shall mail to Petitioner a copy of the

medical records and the Parole Board request that they submitted to the Court for

filing under seal.

**IT IS FURTHER ORDERED** that Petitioner's request for additional

discovery is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will delay a decision on

Petitioner's request for a preliminary injunction until Petitioner has the opportunity

to review the discovery materials provided to him.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 9, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager