UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PARKER,

        Petitioner,           Case Number 2:20-cv-13439

v.           Honorable Linda V. Parker

NOAH NAGY and
HEIDI WASHINGTON,

        Respondents.
_____/

**ORDER DISMISSING THE HABEAS CORPUS PETITION, DENYING PETITIONER'S REQUEST FOR A PRELIMINARY INJUNCTION AS MOOT, AND CLOSING THE CASE**

On December 7, 2020, Petitioner Michael Parker filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) and an emergency motion for a temporary restraining order or preliminary injunction (ECF No. 3). In the alternative, Petitioner sought to frame his pleading as a civil rights action under 28 U.S.C. § 1331. At the time, Petitioner was a 57-year-old Michigan prisoner who had been sentenced to prison for 15 to 30 years in 2016. (ECF No. 1 at Pg ID 45.)

Petitioner alleged in his habeas petition that his physician had diagnosed him with stage four colon cancer and that he had been told he had six months to a year to live. (*Id.* at Pg ID 48, 52.) Petitioner argued that, due to his communal living conditions, his age, and his health conditions, he was at a substantial risk of

becoming ill or dying from COVID-19 and that his continued incarceration violated his constitutional right to due process. (*Id*. at Pg ID 44-46.) He sought release from prison on his own recognizance until the COVID-19 pandemic was resolved. (*Id.* at Pg ID 44-45.)

On January 29, 2021, the Court denied Petitioner's motion for a temporary restraining order and directed Respondents to file a response to Petitioner's motion for a preliminary injunction. (ECF No. 4.) Respondents subsequently filed a response, opposing Petitioner's request for relief. (ECF No. 7). Respondents also moved to file Petitioner's medical records under seal as part of their response. (ECF No. 8.) The Court granted Respondents' motion (ECF No. 9) and sealed Petitioner's medical records (ECF No. 12).

Petitioner then asked the Court to defer a ruling on his request for a preliminary injunction until he could review the discovery materials in this case. (ECF No. 15.) He claimed that Respondents had failed to send him a copy of the records that they attached to their response to his motion for a preliminary injunction. (*Id*. at Pg ID 732-37.) The Court granted in part Petitioner's motion to defer a ruling and ordered Respondents to mail a copy of the records in question to Petitioner. (ECF No. 17.) On September 10, 2021, Respondents filed a certificate of service, indicating that they mailed the sealed medical records to Petitioner. (ECF No. 18.) The Court received nothing thereafter from Petitioner.

On January 4, 2022, Respondents filed a suggestion of death.  (ECF No. 19.) Exhibits attached to the suggestion of death indicate that Petitioner died of colon cancer with metastasis on November 19, 2021, and that he was discharged on the same day.  (ECF Nos. 19-1, 19-2.)

A federal habeas corpus petition becomes moot on the death of the petitioner.  *See Hailey v. Russell*, 394 U.S. 915 (1969) (dismissing a motion for leave to file a habeas corpus petition on the suggestion of mootness due to the petitioner's death); *accord Scott v. California*, 364 U.S. 876 (1960) (dismissing the petition for a writ of certiorari on the suggestion of counsel for the petitioner of the death of the petitioner); *Rosa v. Rewerts*, No. 1:18-CV-940, 2020 WL 132374, at *1 (W.D. Mich. Jan. 13, 2020) (unpublished decision collecting cases for the principle that "[t]he death of an inmate during the pendency of his habeas petition renders the action moot and deprives the Court of jurisdiction").

Accordingly,

**IT IS ORDERED** that Petitioner's habeas corpus petition (ECF No. 1) is **DISMISSED**, and his request for a preliminary injunction (ECF No. 3) is **DENIED** as moot.  This case is now **CLOSED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: February 15, 2022

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 15, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>Case Manager

4